No. 482

First Circuit

———

TERRY & JUDEN CO., LTD., v. PIERCE

———

(June 28, 1929.   Opinion and Decree.)

———

Harvey E. Ellis, of Covington, and Robt. D. Jones, of Franklinton, attorneys for plaintiff, appellee.

Morgan & Simmons, of Covington, attorneys for defendant, appellant.

ELLIOTT, J.   Terry & Juden Company, Limited, claims of J. E. Pierce $281.38 as the balance due on account.   The account is for haberdashery, and is annexed to and made part of the petition.

The defendant denies owing the indebtedness claimed.   He contends:   That the articles ordered by and charged to him were intended to be of the highest grade, tailor made, and fitted to exactness.   That some of the garments, when tried on, did not fit.   That some of the prices charged were overcharged.   He further claims:   That pure white silk shirts were guaranteed not to fade from a pure white to a cream color, and that they did fade.   That, properly charged and given proper credits, he had overpaid the account to the extent of $104.69.

He prays that plaintiff's demand be rejected, and that he have judgment against plaintiff in reconvention for $104.69.

There was judgment in favor of the plaintiff as prayed for.   The defendant has appealed.

The question at issue is one of fact only.   The only serious conflict in the testimony is as to the alleged guaranty.

The lower court heard the witnesses; they all appeared before him, and he was in a better position than we are to judge of their credibility.

The record contains a large amount of correspondence showing that the defendant, after receiving certain articles, would send them back for slight alterations, so slight that we cannot appreciate their importance.

The plaintiff expressed a desire to satisfy the defendant, and did seemingly comply as near as it was possible to do it.

We have given consideration to all the evidence, taken various facts and circumstances into account, and our appreciation of the matter is that the lower court decided the case correctly.   We cannot say that the court erred.

Judgment affirmed.

Defendant and appellant to pay the cost in both courts.